IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 21-mj-15 |
| v. ) | |
| ) | **FILED UNDER SEAL** |
| NICHOLAS R. OCHS, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SEAL WARRANT AND RELATED DOCUMENTS

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order placing the above-captioned arrest warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively, the "Warrant") under seal.

## JURISDICTION

1.  This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington., D.C.

## FACTUAL BACKGROUND

2.  Execution of the Warrant is part of the Government's ongoing criminal investigation into possible violations of 18 U.S.C. 1752(a) and related statutes. Specifically, this investigation concerns allegations that on January 6, 2021, the defendant joined with others in storming the United States Capitol while a joint session of Congress, presided over by the Vice President of the United States, was in session.

## POINTS OF LEGAL AUTHORITY

3. In this matter, the Government also requests that the Warrant, this application, and the Order all be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Warrant and related filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

## REQUEST FOR SEALING

4. In this matter, the government requests that the Warrant be sealed until further order of the Court.

5. Such an order is appropriate because the Warrant relates to an ongoing criminal investigation that is neither public nor known to the subject(s) of the investigation. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to this investigation, potential subject(s) could be immediately prompted to flee from prosecution, and destroy or conceal incriminating evidence.

6. Therefore, there exists a compelling governmental interest in confidentiality to justify the sealing the Warrant, this application, and this Order. *See Robinson*, 935 F.2d at 287-89.

ACCORDINGLY, it is respectfully requested that the above-captioned warrant, the application and affidavit in support thereof, and all attachments thereto and other related materials (including this application) be placed under seal until further Order of the Court, except that copies

of these documents may be showed to members of law enforcement in order to aid in the apprehension of the defendant.

                                              Respectfully submitted,

                                              MICHAEL R. SHERWIN
                                              ACTING UNITED STATES ATTORNEY

By:   */s/ Kathryn L. Rakoczy*
      KATHRYN L. RAKOCZY
      Assistant United States Attorney
      D.C. Bar Number 994-559
      United States Attorney's Office
      555 Fourth Street, N.W.
      Washington, D.C.  20530
      Telephone: (202) 252-6928
      Email: Kathryn.Rakoczy@usdoj.gov